# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANTHONY LOWE,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　　Defendants | CIVIL ACTION<br><br>No.02-MISC.-155 |

**MEMORANDUM/ORDER**

August 27, 2002

　　Currently before this court are two motions by plaintiff Michael Anthony Lowe, acting pro se: (1) a Motion for Acquittal and (2) a Motion for Investigation [of Various State Parole and Probation Entities]. These two motions are the latest in a series of submissions to this court by Mr. Lowe relating, it appears from statements in the submissions, to his current incarceration in the Philadelphia County Prison System for parole violation.

　　On August 16, 2002, this court signed an order dismissing the plaintiff's then-pending nine submissions without prejudice. This action was taken because Mr. Lowe had filed no complaint in this miscellaneous case, and his nine submissions up to the signing of that order did not comply with the federal rules for pleading. See Fed. R. Civ.

P. 8(a) ("A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.").

The two motions now before the court were filed after the August 16 order was signed, but in them Mr. Lowe still has not made the requisite "short and plain statement" of the grounds for this court's jurisdiction. Mr. Lowe's submissions can best be characterized, perhaps, as an attempt to seek relief through the federal habeas corpus statutes. If that is a correct assessment, then Mr. Lowe must, before a federal court may properly consider his claims, first seek redress for his alleged harms within the Pennsylvania state courts or show that there is an absence of available, effective corrective process in the state courts. See 28 U.S.C. § 2254. Specifically, Mr. Lowe, perhaps with assistance of counsel, may utilize Pennsylvania's Post Conviction Relief Act ("PCRA") to raise the issues that he has brought before this court. The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa. Cons. Stat. Ann. § 9542 (West 1998). The proper place for a proceeding under the PCRA is the Pennsylvania Court of Common Pleas, and (in most circumstances) the petition must be filed within one year of the date that the judgment became final. Id. § 9545. Only after Mr. Lowe has exhausted all possibilities for relief under the PCRA would this federal court have

authority to consider a petition for habeas corpus.

Because Mr. Lowe's current motions, like those disposed of in the August 16 order, fail to comply with the federal rules of pleading and the requirement that he exhaust state remedies before seeking federal habeas relief, the two motions listed above are hereby DISMISSED without prejudice.

_____
Pollak, J.